```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LEONID BLITSHTEIN, et al.      :     CIVIL ACTION
                               :
          v.                   :
                               :
HARTFORD FIRE INSURANCE Co.,   :
et al.                         :     NO. 05-6390
```

MEMORANDUM

Bartle, C.J.                                       April 7, 2006

    Plaintiffs have sued defendants Hartford Fire Insurance Company, Hartford Insurance Group, and Hartford Financial Services Group, Inc. for bad faith under Pennsylvania statute 42 PA. CONS. STAT. ANN. § 8371 and for breach of contract in failing to pay an uninsured motorist claim under an automobile insurance policy. Before the court is the motion of the defendants for judgment on the pleadings on Count I of the complaint which alleges bad faith. See Fed. R. Civ. P. Rule 12(c). Defendants Hartford Insurance Group and Hartford Financial Services Group, Inc. also seek dismissal as to both counts.

    Judgment pursuant to Rule 12(c) is appropriate only if, viewing the facts presented in the pleadings in the light most favorable to the non-moving party, the movant clearly establishes that there are no material issues of fact, and it is entitled to judgment as a matter of law. Sikirica v. Nationwide Ins. Co., 416 F.3d 214, 220 (3d Cir. 2005). We may consider exhibits attached to the complaint and documents "'integral to or

explicitly relied upon in the complaint.'" Mele v. Fed. Reserve Bank of New York, 359 F.3d 251, 256 n.5 (3d Cir. 2004).

The facts viewed in the light most favorable to the plaintiffs, Leonid and Isaac Blitshtein, are as follows.  On September 19, 1999, plaintiffs, as passengers in an automobile, were injured in a collision.  Plaintiffs were covered by an insurance policy that provided uninsured motorist coverage.  After the collision, plaintiffs submitted a claim for benefits, which was denied by letter dated November 27, 2000.

An arbitration hearing took place on November 6, 2003.  Defendants' expert witness testified that, based upon a repair estimate provided to him by the defendants, there was no evidence of damage to the rear bumper of the car consistent with a collision.  During the hearing, however, evidence was presented that the repair estimate reviewed by defendants' expert was incomplete.  As a result, the arbitrator found in favor of the plaintiffs and awarded them $87,500.

On November 8, 2005, plaintiffs filed a complaint in the Court of Common Pleas of Philadelphia County asserting causes of action for bad faith under 42 PA. CONS. STAT. ANN. § 8371 and for breach of contract.[1]  On December 12, 2005, defendants removed the action to this court.  Plaintiffs assert that the defendants intentionally withheld information concerning the

---

1.  Plaintiffs maintain that their complaint was actually filed on November 7, 2005, but that due to a docketing error it was time stamped as having been filed on November 8, 2005.  The correct date, however, is not relevant to our analysis.

accident from their expert in order to avoid compensating plaintiffs. They argue that defendants' reason for doing so is because plaintiffs are Russian Jews.

In their motion, defendants first assert that defendants Hartford Insurance Group and Hartford Financial Services Group, Inc. should be dismissed because Hartford Insurance Group is not a legal entity and because the court lacks personal jurisdiction over Hartford Financial Services Group, Inc. due to the fact that it has no contacts in Pennsylvania. Plaintiffs do not dispute these contentions and have agreed to the dismissal of these two defendants.

Hartford Fire Insurance Company ("Hartford") also argues that plaintiffs' bad faith claim in Count I of the complaint is time-barred. Bad faith claims in Pennsylvania are subject to a two-year statute of limitations. Ash v. Cont'l Ins. Co., 861 A.2d 979, 982 (Pa. Super. Ct. 2004); Haugh v. Allstate Ins. Co., 322 F.3d 227, 235-36 (3d Cir. 2003). The limitations period begins to accrue when an insurer provides clear notice of its denial of coverage. Adamski v. Allstate Ins. Co., 738 A.2d 1033, 1040, 1042 (Pa. Super. 1999); Sikirica, 416 F.3d at 224-25.

Hartford has attached to its answer a letter dated November 27, 2000, by which it denied plaintiffs' insurance coverage. Plaintiffs argue that the letter is outside the scope of material we may consider on a motion for judgment on the pleadings because it was not attached to the complaint. The November 27, 2000 denial letter is integral to plaintiffs' bad

faith claim.  Thus, we may properly consider it.  <u>Mele</u>, 359 F.3d at 256 n.5.  However, even if we do not take the letter into account, it cannot be disputed that Hartford denied coverage for plaintiffs at a point sufficiently prior to the November 6, 2003 arbitration hearing so as to be more than two years before suit was instituted.  Accordingly, plaintiffs' claim of bad faith under Count I of the complaint is time-barred.

```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LEONID BLITSHTEIN, et al.      :     CIVIL ACTION
                               :
          v.                   :
                               :
HARTFORD FIRE INSURANCE Co.,   :
et al.                         :     NO. 05-6390
```

ORDER

       AND NOW, this 7th day of April, 2006, for the reasons set forth in the accompanying Memorandum, it is hereby ORDERED that:

       (1)  the motion to dismiss defendants Hartford Insurance Group and Hartford Financial Services Group, Inc. is GRANTED;

       (2)  the motion of the defendant Hartford Fire Insurance Company for judgment on the pleadings on Count I of the complaint is GRANTED; and

       (3)  judgment is entered in favor of defendant Hartford Fire Insurance Company and against plaintiffs Leonid Blitshtein and Issac Blitshtein on Count I of the complaint.

                                        BY THE COURT:

                                        /s/ Harvey Bartle III
                                                                   C.J.